MINUTE ENTRY
VITTER, J.
July 31, 2025
JS10, 0:30

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-105** |
| **RYAN HARRIS, ET AL.** | **SECTION: D (1)** |
| | **This Report and Order applies to all defendants except for Ryan Harris and Jovanna Gardner** |

### TELEPHONE STATUS CONFERENCE REPORT and ORDER

On July 31, 2025, at the Court's request, the Court held a Telephone Status

Conference in this matter.

**PRESENT:**

> **Matthew R. Payne, Brian M. Klebba, Jeffrey R. McLaren, Mary Katherine Kaufman**
> Counsel for the Government
>
> **Shaun G. Clarke**
> Counsel for Defendant, Sean D. Alfortish
>
> **Sean M. Toomey**
> Counsel for Defendants, Vanessa Motta and Motta Law, LLC
>
> **Lynda Van Davis-Greenstone**
> Counsel for Defendant, Jason F. Giles
>
> **Richard T. Simmons, Jr.**
> Counsel for Defendant, The King Firm, LLC
>
> **Stephen J. Haedicke**
> Counsel for Defendant, Leon M. Parker

**Hester R. Hilliard**
Counsel for Defendant, Diaminike F. Stalbert

**Michael G. Raspanti**
Counsel for Defendant, Carl G. Morgan

**Rachel M. Yazbeck**
Counsel for Defendant, Timara N. Lawrence

During the conference, the Court first discussed with counsel the status of the case in light of the Court's July 25, 2025 Order and Reasons (R. Doc. 357), in which the Court severed counts nine through thirteen of the second superseding indictment (R. Doc. 256) from the remaining counts therein. The Court also addressed the Motion to Continue Trial and Pretrial Dates, filed by Sean Alfortish and Leon Parker (R. Doc. 323), wherein Parker and Alfortish seek a continuance of the September 8, 2025 trial date. The Motion is opposed by Vanessa Motta and Motta Law, LLC (collectively, the "Motta Defendants") (R. Doc. 325) and by Jason Giles and The King Firm, LLC (R. Doc. 331).[1] Since Giles and the King Firm no longer share representation and are represented by new counsel, the Court inquired whether Giles and the King Firm, LLC maintain their opposition to the Motion to Continue. Counsel for Giles and counsel for the King Firm, LLC both advised that their clients maintain their objection to the Motion to Continue and that they are ready to proceed to trial on September 8, 2025. The Government does not oppose the Motion to

---

[1] Since the filing of their Opposition brief on June 24, 2025, counsel for Giles and the King Firm, LLC moved to withdraw (R. Doc. 339), and the Court granted that request on July 10, 2025 (R. Doc. 351). On July 30, 2025, Jason Giles moved to enroll new counsel, Lynda Van Davis Greenstone, and the Court granted that request. (R. Docs. 360 & 362). The King Firm, LLC separately moved to enroll new counsel on July 30, 2025, Richard T. Simmons, Jr., and the Court granted that request. (R. Docs. 364 & 365).

Continue, but challenges several assertions made by the Motta Defendants in their Opposition brief. (R. Doc. 332). Without seeking leave of court, the Motta Defendants filed a Reply to address the Government's arguments. (R. Doc. 342). In light of the recent order severing the murder charges pending against Alfortish and Parker from the remaining charges in the second superseding indictment, the Court sought clarification from Parker and Alfortish regarding whether they are seeking a continuance of the trial on the murder charges, the trial on the remaining charges pending against them and their co-defendants, or both. Counsel for Parker and counsel for Alfortish both advised that they are seeking a continuance of both trials. Counsel for defendants, Stalbert, Morgan, and Lawrence, advised that they had no opposition to a continuance of the trial.

After a discussion with counsel, and for the reasons stated during the conference, the Court issued an **oral Order GRANTING** the Motion to Continue and continued both trials.

**THE COURT SPECIFICALLY FOUND**, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

**THE COURT FURTHER SPECIFICALLY FOUND**, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i), that failure to grant the requested continuance in this case would result in a miscarriage of justice.

**THE COURT FURTHER SPECIFICALLY FOUND**, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(iii), that the case is so complex, due to the number of defendants and the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

**THE COURT FURTHER SPECIFICALLY FOUND**, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(iv), that the failure to grant such a continuance would deny counsel for the parties "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[2]

As such, the Court found the period of this continuance is excludable time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. The Government advised that the trial on the fraud charges, set forth in counts one through eight of the second superseding indictment, should proceed before the trial on the murder charges. Counsel for the defendants voiced no objection to the Government's position. As such, the Court **RESET** the trial on the fraud charges (cts. 1-8) for **March 2, 2026**, and issued an **oral Order** setting a telephone status conference for **August 11, 2025 at 1:00 p.m.** to discuss the new trial date for the charges set forth in counts nine through thirteen of the second superseding indictment. The Court further advised counsel to confer and prepare a joint proposed scheduling order for the trial on fraud charges (cts. 1-8) and to file it into the record by **August 14, 2025.**

---

[2] While newly enrolled able counsel for Giles and The King Firm advised that they could be ready for a September trial, the Court is aware of the voluminous discovery in this matter which will require significant time to review in order to prepare and provide constitutionally effective representation.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Continue Trial and Pretrial Dates (R. Doc. 323) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Pretrial Conference previously scheduled for August 11, 2025 at 1:00 p.m., is **CONTINUED** to **February 11, 2026, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the trial scheduled for September 8, 2025, is **CONTINUED** to **Monday**, **March 2, 2026 at 9:00 a.m.** with respect to the fraud charges set forth in counts one through eight of the second superseding indictment. (R. Doc. 256).

**IT IS FURTHER ORDERED** that a telephone status conference is scheduled for **August 11, 2025 at 1:00 p.m. (CST**) to discuss a new trial date for the murder charges set forth in counts nine through thirteen of the second superseding indictment.  Dial-in information will be emailed to counsel of record.[3]

**IT IS FURTHER ORDERED** that the parties shall confer and prepare a joint, proposed scheduling order for the trial on counts one-eight and file it into the record by **August 14, 2025.**

New Orleans, Louisiana, August 5, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[3] Only counsel for Alfortish, Parker, and the Government need participate in the telephone status conference.